Filed 10/1/20  P. v. Guillen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL LOPEZ GUILLEN,<br><br>    Defendant and Appellant. | G058957<br><br>(Super. Ct. No. 09CF0684)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In September 2010, after a jury found appellant Miguel Lopez Guillen guilty of first degree murder (Pen. Code, 187, subd. (a); all further statutory references are to the Penal Code) and premeditated attempted murder, the trial court sentenced him to 32 years to life in state prison. In an unpublished opinion, this court affirmed the convictions. (*People v. Guillen* (Sept. 27, 2012, G045989) [nonpub. opn.].)

In February 2020, Guillen filed a petition to vacate his murder conviction under section 1170.95, alleging he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine." The trial court determined the petition did not set forth a prima facie case for relief because "[a] review of court records" showed Guillen was not convicted "based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

Guillen appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. Guillen did not file a supplemental brief. Because our review of the record discloses no arguable issues, we affirm the postjudgment order denying Guillen's section 1170.95 petition.


I

FACTS AND PROCEDURAL HISTORY

The underlying facts were recounted in our opinion affirming Guillen's conviction for first degree murder based on premeditation and deliberation. "Following a heated argument at the supermarket, which Guillen acknowledges establishes a prior relationship and constitutes a motive (although he characterizes it as a 'verbal spat'), Guillen assembled a group, including a person with a loaded firearm, and drove to [the victim]'s home. The assailants cased the scene as they drove past the house, then came around the block and parked. Guillen and the shooter walked up on the victim's group as Guillen's Honda crept alongside. After a brief verbal exchange, the shooter calmly

2

removed a loaded firearm and fired approximately six shots at the heads of his intended victims." (*People v. Guillen* (Sept. 27, 2012, G045989) [nonpub. opn.].)

A review of the court records shows the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine. As noted, the jury convicted Guillen of one count of first degree premeditated murder.

After Senate Bill No. 1437 became effective, Guillen filed a petition to vacate his murder conviction under section 1170.95. The trial court determining Guillen was not eligible for relief and denied the petition. After Guillen appealed, his appointed counsel filed a brief raising no issue, but asking this court to independently review the record on appeal.


II

DISCUSSION

Senate Bill No. 1437 (Sen. Bill 1437), which became effective January 1, 2019, was enacted to "'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*), quoting Stats. 2018, ch. 1015, § 1, subd. (f).) It added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).)

"An offender may file a petition under section 1170.95 where all three of the following conditions are met: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony

3

murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd. (a)(1)-(3).)" (*Martinez*, *supra*, 31 Cal.App.5th at p. 723.)

Guillen is not entitled to relief under Sen. Bill 1437 because he was not convicted of felony murder or murder under a natural and probable consequences theory. As an appellate court recently explained, "the jury instructions in this case demonstrate, on their face and as a matter of law, that [petitioner] was not and could not have been convicted of . . . murder under the natural and probable consequences doctrine. This is so because the jurors were not provided any instruction on which they could have found [petitioner] guilty of murder under that doctrine." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939.) Similarly, the jury was not instructed on the felony-murder rule. The trial court properly denied Guillen's section 1170.95 petition.

Our review of the entire record, including the matters identified by counsel, does not show the existence of an arguable issue. (*Wende*, *supra*, 25 Cal.3d at pp. 442-443.) Consequently, we affirm. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

III

DISPOSITION

The postjudgment order is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.